**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHUNG CHO,** | **06**-**CV**-**4533(WJM)** |
| **Plaintiff,** | |
| v. | **ORDER** |
| **JOON H. PARK and JENNY PARK,** | **HON. WILLIAM J. MARTINI** |
| **Defendants.** | |

**THIS MATTER** arises from Defendants' letters to the Court dated March 3 and March 4, 2008 requesting that their Motion for Summary Judgment be treated as unopposed due to the untimely filing of Plaintiff's Opposition to Defendants' motion.  On March 5, 2008, the Court directed Plaintiff's counsel to submit a letter to the Court showing why the Court should not treat Defendants' Motion for Summary Judgment as unopposed.  By two letters to the Court dated March 7 and March 10, 2008, counsel for Plaintiff explained that their filing was not untimely because: (1) Plaintiff filed for an automatic extension of time pursuant to L.Civ.R. 7.1(d)(5); and (2) Plaintiff wrote to the Court "requesting until March 3, 2008 to file [Plaintiff's] papers."  The Court finds that neither explanation is sufficient to show that Plaintiff timely filed his opposition to Defendants' summary judgment motion.

Defendants' Motion for Summary Judgment was filed on January 15, 2008.  The Court set a motion return date of February 19, 2008.  Therefore, according to L.Civ.R. 7.1(d)(2), Plaintiffs' opposition, if any, was due on February 4, 2008.  On February 6, 2008, Plaintiff's counsel, Kim Sparano, submitted a letter to the Clerk of the Court stating: "In accordance with Local Civil Rule 7.1(d)(5), Plaintiff seeks an automatic extension of time to file his papers in opposition to Defendants' motion for summary judgment, for a period of 14 days.  The motion is

now returnable on March 3, 2008." (Docket Entry # 47.) Since Plaintiff's counsel failed to follow the provisions of L.Civ.R. 7.1(d)(5), requiring that a letter invoking the automatic extension rule be filed with the Clerk and served on all parties **before** the date on which opposition papers would otherwise be due under L.Civ.R. 7.1(d)(2), no extension of time was granted or noted on the docket.

Furthermore, even if Plaintiff had correctly filed an automatic extension of time pursuant to L.Civ.R. 7.1(d)(5), Plaintiff's submission of his opposition on March 3, 2008 was nevertheless untimely. An automatic extension of time merely extends the time within which to file an opposition by a "period not to exceed 14 days" and sets forth a new motion date, which is "the next available motion date following the originally noticed date." L.Civ.R. 7.1(d)(5). Thus, if Plaintiff had been granted the automatic extension, his opposition brief would have been due on February 19, 2008 and the new motion date would have been March 3, 2008.

Plaintiff's counsel's assertions to this Court that her February 6, 2008 letter sought until March 3, 2008 to file Plaintiff's opposition is disingenuous. The February 6, 2008 letter clearly stated that Plaintiff was seeking to extend the time to file his opposition papers by "a period of 14 days." Even if Plaintiff had assumed that the period ran from the February 6th letter, the filing of the opposition on March 3, 2008 was untimely. Furthermore, Plaintiff received no order from the Court allowing any extension of time to file the opposition. *See* L.Civ.R. 7.1(d)(5)(aside from the automatic extension under this Rule, "[n]o other extension of the time limits provided in L.Civ.R. 7.1(d)(2) ... shall be permitted without an Order of the Court").

Although the Court finds that Plaintiff was untimely in submitting his opposition to Defendants' Motion for Summary Judgment, the Court will allow the opposition in the interests of justice and the Court's preference for a judgment on the merits. Plaintiff's untimely amended

brief (Docket # 52), however, will be stricken and disregarded.

 **IT IS** on this 17th day of March, 2008, hereby,

 **ORDERED** that Plaintiff's untimely Opposition to Defendants' Motion for Summary

Judgment is allowed; and it is

 **FURTHER ORDERED** that Defendants' reply, if any, shall be filed by March 24, 2008;

and it is

 **FURTHER ORDERED** that the parties risk penalties, including sanctions, for any

further failures to abide by the deadlines set forth in the Federal Rules of Civil Procedure or the

Local Civil Rules.


      s/William J. Martini
      **William J. Martini, U.S.D.J.**