# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
**JUDGE**

# LETTER OPINION

July 25, 2008

Michael Kimm
Kimm Law Firm
41 Bancker Street
Englewood, New Jersey 07631
    (*Attorney for Plaintiff*)

Edward Kiel
Cole, Schotz, Meisel, Forman & Leonard, P.C.
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602
    (*Attorney for Defendants*)

        Re:    *Cho v. Park*
               Civil Action No. 06-4533 (WJM)

Dear Litigants:

    This matter comes before the Court upon Motions for Summary Judgment filed by Plaintiff Chung Cho and Defendants Joon and Jenny Park.  There was no oral argument. Fed. R. Civ. P. 78.  For the reasons set forth below, Plaintiff's motion is denied, and Defendants' motion is denied in part and granted in part.

## I.    BACKGROUND[1]

    This case involves a payment dispute arising from the sale of a house located in Fort Lee, New Jersey.   Plaintiff, Chung Cho, was the owner of the Fort Lee home prior to

---

[1] The following facts are uncontested unless noted.

1998.  Defendant Joon Park was acquainted with Plaintiff through his employment with Plaintiff's sister.  Defendants, Joon and Jenny Park, began renting the Fort Lee home from Plaintiff in 1998.  On October 29, 2001, Plaintiff entered into a contract with Defendants for the sale of Plaintiff's Fort Lee home.  The Contract for Sale stated that the $665,000 purchase price would be paid by a $465,500 mortgage and $199,500 balance "in cash or by certified or bank cashier's check or attorney's trust account check" at the time of closing.  (Cho Decl. Ex. 1.)  The HUD-1 Uniform Settlement Statement lists "cash from borrower" as $226,964.23.  (Kimm Decl. Ex. 2.)

At or before the closing of title on November 28, 2001, Defendants provided Plaintiff with a personal check for $226,964.23.  Plaintiff alleges that Defendant Joon Park provided him with the check to pay the balance owed at closing but requested that Plaintiff delay cashing the check until Defendants could gather adequate funds to cover the check.  (Cho Decl. ¶ 6; Cho Dep. 41.)  Prior to closing, Plaintiff agreed to wait for the payment of the check .  (Cho Dep. 41-42.)

Defendant Joon Park alleges that he orally agreed to purchase the Fort Lee home from Plaintiff for $520,000.  (Park Dep. 44-45.)  Although Defendant Joon Park states that he signed many documents, he argues that he did not have enough time to read them.  (Park Dep. 50-52.)  Furthermore, Defendant Joon Park alleges that Plaintiff directed him to issue the check, but that he did not know for what the check was being tendered.  (Park Dep. 16.)  Defendant Joon Park stated that pursuant to an oral agreement made with Plaintiff in 1998, he understood that the down payment for the purchase of the Fort Lee home was to be made by assuming Plaintiff's obligations to repay a $200,000 loan to a third party.  (Park Dep. 18-20, 45.)

Plaintiff never presented Defendants' personal check to the bank for payment nor did he seek to inquire with the bank about whether funds were available.  (Chung Dep. 40, 43.)  Plaintiff stated that he asked Defendant Joon Park whether he could cash the check on approximately fifty (50) occasions from November 2001 until 2004.  (Chung Dep. 42.)

Plaintiff filed this Complaint on September 20, 2006 alleging common law fraud and breach of contract.  Plaintiff seeks $226,964.23 in compensatory damages as well as punitive damages, interest, and costs.  In the alternative, Plaintiff seeks rescission of the sale of the house.  Plaintiff filed a motion for summary judgment on January 15, 2008, and Defendants filed a separate motion for summary judgment on the same date.

## II.    DISCUSSION

### A.      Summary Judgment Standard

Summary judgment eliminates unfounded claims without resorting to a costly and lengthy trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). However, a court should grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of showing that no genuine issue of material fact exists rests initially on the moving party. *Celotex*, 477 U.S. at 323. A litigant may discharge this burden by exposing "the absence of evidence to support the nonmoving party's case." *Id.* at 325. In evaluating a summary judgment motion, a court must view all evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976).

Once the moving party has made a properly supported motion for summary judgment, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The substantive law determines which facts are material. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* No issue for trial exists unless the nonmoving party can demonstrate sufficient evidence favoring it such that a reasonable jury could return a verdict in that party's favor. *Id.* at 249.

### B.      Plaintiff's Motion for Summary Judgment

In essence, Plaintiff argues that summary judgment should be entered in his favor, because Defendants failed to pay the entire purchase price of the Fort Lee home. Specifically, Plaintiff contends that: (1) Defendants breached their agreement by failing to have sufficient funds in the bank account upon which the closing payment check was drawn; and (2) Defendants committed common law fraud when they transferred the check to Plaintiff without any intention of having sufficient funds in the bank account. In opposition, Defendants argue that the parties' intent with regards to the closing payment check is in dispute, and therefore, summary judgment cannot be found in favor of Plaintiff. The Court agrees.

Plaintiff's claim for breach of contract and common law fraud are premised upon the same set of facts–whether the check was intended to represent a portion of the purchase price of the Fort Lee house. The Contract for Sale and the HUD-1 statement

3

appear to indicate that cash was to be paid for approximately $200,000 to $226,000 of the purchase price. (Cho Decl. Ex. 1; Kimm Decl. Ex. 2.) Defendant Joon Park wrote and transferred a $226,964.23 check to Plaintiff, but Defendant Joon Park stated that this check was not intended to comprise part of the purchase price. (Park Dep. 15-16, 19-21.) Defendants contend that Defendants' mortgage and Defendant Joon Park's assumption of the $200,000 loan in 1998 represented the full payment of all amounts due at the closing. (Park Dep. 45, 52.)

The question of whether Plaintiff received the agreed upon purchase price of the home,[2] either in the form of a personal check or by the assumption of the loan, is central to both claims for breach of contract and common law fraud claim. As this fact is in dispute, the Court must deny Plaintiff's motion for summary judgment.

### C.    Defendants' Motion for Summary Judgment

Defendants advance two theories in support of their motion for summary judgment: (1) Plaintiff has failed to allege facts sufficient to show that there was a material misrepresentation of a presently existing fact, and therefore, Plaintiff's fraud claim must fail as a matter of law; and (2) Plaintiff's breach of contract claim is precluded by the sham affidavit doctrine. The Court disagrees.

First, an essential element of common law fraud is a material misrepresentation of a presently existing or past fact. *See Gennan v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997). The  representation at issue "may consist of a present intention to act or not act in the future." *Stochastic Decisions, Inc. v. DiDomenico*, 236 N.J. Super. 388, 396 (App. Div. 1989)(quoting *Van Dam Egg Co. v. Allendale Farms, Inc*., 199 N.J.Super. 452, 457 (App.Div.1985) ("A promise to pay in the future is fraudulent if there is no present intent ever to do so.")). Mere failure to perform, however, is not sufficient to show lack of intent to perform. *Id*.

---

[2] It is a further issue of material fact regarding the intended purchase price for the Fort Lee home. Defendant Joon Park stated that the purchase price was intended to be $520,000 despite the clear language of the Contract for Sale based upon oral agreements between the parties. (Park Dep. 42-45.) Whether the parties intended to modify the Contract for Sale based upon Plaintiff's oral agreements with Defendants or Plaintiff's subsequent action in transferring title of the home despite knowing that he had not received sufficient funds from Defendants cannot be resolved at the summary judgment stage.

In this case, Plaintiff attests that Defendant Joon Park[3] tendered the check knowing that there was insufficient funds in the account, and that he asked Plaintiff to wait for payment until sufficient funds were deposited into his bank account. (Cho Decl. ¶ 5; Cho Dep. 41-42.)  Defendants argue that these facts fail to show that Joon Park held the intention, at the time of tender, not to perform. (Defs.' Br. in Support of Motion for Summ. J. 10.)

The Court finds that Defendants' position with respect to Defendant Joon Park's intent to pay at the time of transferring the check is at odds with its position in opposition to Plaintiff's motion for summary judgment.  In opposition, Defendants asserted that they never intended the check to represent payment with respect to the purchase of the Fort Lee house.  Defendant Joon Park stated that he "was told to make a check as a down payment" by Chung Cho but did not intend the check to represent payment for the purchase of the Fort Lee home. (Park Dep. 16.)  Defendants cannot now advance an argument that at the time of the transfer, Defendant Joon Park held the intent to pay the amount of the check.  Therefore, the Court must deny Defendants' motion for summary judgment on the fraud claim.

With respect to the breach of contract claim, Defendants argue that because Plaintiff certified to the receipt of all payments required for the purchase of the Fort Lee home in the HUD-1 Settlement Statement, 1099-S Form, and the Deed, Plaintiff is barred under the sham affidavit doctrine from now asserting that he did not receive all payments from Defendants for the sale of the Fort Lee home.  The sham affidavit doctrine "refers to the trial courts' practice of disregarding an offsetting affidavit that is submitted in opposition to a motion for summary judgment when the affidavit contradicts the affiant's prior deposition testimony." *Baer v. Chase*, 392 F.3d 609, 624 (3d Cir. 2004) (internal quotation marks omitted).  Although this doctrine is not dependent on the sequence of an affidavit and deposition, a deposition is accorded more reliability than an affidavit.  *See In re Citx Corp.*, 448 F.3d 672, 680 (3d Cir. 2006)(citations omitted).

In this case, there is a dispute of material fact regarding the intent of the parties as to what constituted full payment for the purchase of the Fort Lee home.  Furthermore, although Plaintiff's certifications may create issues of credibility with respect to his later declaration and deposition statements, the Court cannot conclude at this time that

---

[3] Count One must be dismissed against Defendant Jenny Park since she neither made the fraudulent representation to "make good" on the check, nor is it alleged that Defendant Joon Park made the representation on her behalf.  Furthermore, Defendant Jenny Park did not sign the check nor did she communicate with Plaintiff regarding the check.  Therefore, Plaintiff has not established the elements of common law fraud with respect to Defendant Jenny Park.

summary judgment is appropriate based upon these certifications given the numerous disputed facts and unclear understandings between the parties.  Therefore, Defendants' motion for summary judgment on the breach of contract claim will be denied.

## III.   CONCLUSION

After consideration of the parties' submissions, the Court finds that there are genuine issues of material fact in dispute.  Accordingly, Plaintiff's motion for summary judgment and Defendants' motion for summary judgment are both **DENIED**, except with respect to Defendants' motion to dismiss Count One against Defendant Jenny Park.  An appropriate order follows.

s/William J. Martini
**William J. Martini, U.S.D.J.**

6